IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIQ CAREY, | : | Civil No. 1:23-CV-00168 |
| Plaintiff, | : | |
| v. | : | |
| STATE TROOPER ROBERT GAYEWSKI, JR., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion filed by Defendants State Trooper Robert Gayewski, Jr. ("Trooper Gayewski") and State Trooper Derek Leib ("Trooper Leib") to dismiss the complaint filed by Plaintiff Maliq Carey ("Carey"). (Doc. 9.) For the reasons that follow, the court will grant in part and deny in part the motion to dismiss.

### BACKGROUND

As alleged in the January 31, 2023 complaint, on or about January 30, 2022, Carey was at a house party near Shippensburg University. (Doc. 1, ¶ 7.) Troopers Gayewski and Leib, as well as six unnamed Defendants (collectively, "Defendants"), were on duty for the Pennsylvania State Police. (*Id.* ¶ 4–6, 8.)

Defendants entered the party, where they approached and threatened Carey, "an African-American male, with hands on guns or guns drawn." (*Id.* ¶ 8.) Carey alleges that "[e]ach and every Defendant handcuffed Plaintiff for no reason and

1

dragged [him] outside and seized and arrested [him] without probable cause or privilege to do so." (*Id.* ¶ 9.) At the time, Carey possessed no weapons. (*Id.* ¶ 11.) He fully cooperated with Defendants and "could not resist in any way because Plaintiff was in handcuffs." (*Id.* ¶ 10.) Nonetheless, "each and every Defendant slammed Plaintiff to the ground and yanked at Plaintiff's wrists." (*Id.* ¶ 12.) Carey "suffered a separated disc on his shoulder blade and cuts to his wrists." (*Id.* ¶ 14.) During all relevant times, Carey obeyed the commands of Defendants. (*Id.* ¶ 13.) Never did he "engage in any behavior which could have been considered a threat to any of Defendants." (*Id.*)

Carey was taken to a police station, where Defendants searched his bag. In doing so, they found marijuana. (*Id.* ¶ 15.) They also searched his cellular phone. (*Id.*) Both searches were conducted without Carey's consent or a warrant. (*Id.*) The complaint further alleges that all Defendants "submitted false police paperwork" which "manufactured false facts" and asserted that Carey resisted arrest when he was incapable of doing so. (*Id.* ¶ 16.)

Carey was arrested for resisting arrest and possession of a small amount of marijuana "eventually recovered from [his] bag . . . long after the unjustified seizure and arrest." (*Id.* ¶ 17.) His detention was "caused by each and every Defendant because all of these Defendants by their actions and joint verbal and gestures decided to detain Plaintiff." (*Id.* ¶ 18.) Carey was held overnight for

processing after initially being taken to UPMC, Carlisle Emergency Room for treatment for his shoulder.  (*Id.* ¶ 19.)

On February 9, 2022, the magisterial judge dismissed the resisting arrest charge.  (*Id.* ¶ 20.)  He also determined there was no probable cause to hold Carey for trial.  (*Id.*)[1]  On October 12, 2022, Carey pleaded guilty to possession of marijuana in exchange for an offer of No Further Penalty.  (*Id.* ¶ 21.)[2]

Carey contends that Defendants' conduct was unjustified and was intentional, malicious, reckless, and in bad faith.  (*Id.* ¶ 22.)  As a direct and proximate result, Carey alleges that he "suffered and continues to suffer physical injury and mental anguish."  (*Id.*)

Defendants were "engaged in a joint venture" in which they "lent their physical presence and support and the authority of their offices to each other."  (*Id.* ¶ 23.)  The joint venture was "exhibited by their joint explicit verbal agreement and commands, their joint gestures, and their joint physical actions that were directed at violating Plaintiff's rights."  (*Id.*)  Each "displayed guns at Plaintiff, issued joint orders, caused injury to Plaintiff for no reason, and initiated a baseless search and seizure and manufactured prosecution for resisting arrest against Plaintiff."  (*Id.*)

---

[1] Docket number MJ-09301-CR-0000029-2022.

[2] Docket number CP-21-CR-0000347-2022.

Based on these contentions, Carey raises claims against all Defendants for illegal search and seizure and false arrest in violation of the 42 U.S.C. § 1983 and the Fourth Amendment (Count I), excessive force in violation of § 1983 and the Fourth Amendment (Count II), malicious prosecution in violation of § 1983 and the Fourth Amendment (Count III), malicious prosecution in violation of state law (Count IV), and manufacturing/fabricating evidence and deprivation of liberty without due process of law in violation of § 1983 and the Fourteenth Amendment (Count V).  (*Id.* ¶ 28–69.)  For relief, Carey seeks compensatory damages, costs, attorneys' fees, and punitive damages.  (*Id.* at 12.)[3]

Carey filed his five-count complaint on January 31, 2023.  (Doc. 1.)  On March 31, 2023, Troopers Gayewski and Leib filed the instant motion to dismiss.  (Doc. 9.)  They filed a brief in support on April 14, 2023, and Carey filed a brief in opposition on April 27, 2023.  (Docs. 10, 13.)  The motion is ripe for review.

### STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

4

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Troopers Gayewski and Leib present four arguments for dismissal. They first argue that Carey's claims are barred by *Heck v. Humphrey*. (Doc. 10, p. 9 (citing 512 U.S. 477 (1994)).) In the alternative, they argue that if *Heck* does not apply, Carey's complaint fails to plausibly plead the required absence of probable cause. (*Id.* at 11–15.) Third, they assert that Carey failed to allege sufficient facts to overcome the presumption that the affidavit of probable cause was reasonable. (*Id.* at 15–17.) Lastly, they argue that Carey fails to meet the pleading standard on his fabricated evidence claim. (*Id.* at 16–17.) The court will address these arguments in turn.

### A. *Heck* bars Carey's claim for illegal search in part and entirely bars his claims for illegal seizure of his person and malicious prosecution

In *Heck*, the Supreme Court held the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87.  Troopers Gayewski and Leib argue that the application of *Heck* would bar Carey's claims for false arrest, illegal seizure, malicious prosecution, illegal search, and excessive force.  (Doc. 10, pp. 10–11.)

Troopers Gayewski and Leib argue that *Heck* applies because, although Carey's resisting arrest charge was dismissed, Carey pleaded guilty to disorderly conduct related to the January 30, 2022 incident.  (Doc. 10, pp. 8–11; Doc. 10-5.)[4] The guilty plea is for violating 18 Pa. Cons. Stat. Ann. § 5503(a)(4), which makes a person "guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . (4) creates a

---

[4] The Third Circuit has concluded that, "generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *Doe v. Princeton U.*, 30 F.4th 335, 342 (3d Cir. 2022) (cleaned up) ("But where a document is 'integral to or explicitly relied upon in the complaint,' it 'may be considered without converting the motion to dismiss into one for summary judgment' under Rule 56.").  The court here considers the Magisterial District Justice and Court of Common Pleas dockets because the complaint explicitly relied upon them.

hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

They also assert that Carey's excessive force claim is "simply bootstrapped" to his probable cause challenge. (Doc. 10, p. 11.) This argument is not developed, but seems to be based on the assumption that Carey is raising his excessive force claim solely for the mere fact that he was handcuffed and arrested. This argument ignores the myriad other facts alleged in the complaint. Specifically, it ignores Carey's assertion that, due to his arrest, he "suffered a separated disc" and cuts on his wrists, for which he was taken to the emergency room. (Doc. 1, ¶¶ 14, 19.)

Carey does not challenge his conviction for disorderly conduct, but argues that it has no effect on his claims. (Doc. 13, p. 4.) This is so, he submits, because he is not challenging that conviction. Instead, he is challenging the search and seizure independent of the conviction, and malicious prosecution for the resisting arrest charge. (*Id.*)

*Heck* can only apply if "a successful § 1983 suit and the underlying conviction [would] be logically contradictory." 512 U.S. at 487. And federal appeals courts have generally held that conviction for assault or other claims does not preclude § 1983 excessive force claims. (Doc. 13, p. 4 (citing cases).)

For example, in *Nelson v. Jashurek*, the Third Circuit reversed a trial court order which granted a defendant summary judgment on the excessive force claim

7

against him.  109 F.3d 142 (1997).  The plaintiff, Nelson, had been charged with and convicted of resisting arrest.  *Id.* at 144.  The Third Circuit found that *Heck* did not bar Nelson's claim and stated that "while we do not doubt that even on the facts as presented by Nelson it will be difficult for him to establish liability in this case, we do not see why a judgment in his favor would throw the validity of his conviction into doubt."  *Id.* at 146.  The Third Circuit added the critical condition that, "if this case reaches trial, the trier of fact must be aware that [the defendant] was justified in using 'substantial force' in arresting Nelson."  *Id.*

      Carey then argues, citing only his own complaint, "that Carlisle Borough has decriminalized small amounts of marijuana and, thus, arrest for same is not authorized by law."  (Doc. 13, p. 5.)  The court cannot entertain unsupported legal assertions or analysis, nor legal conclusions from the complaint.  However, Carey argues that, because he was not arrested for the marijuana in his possession, which was only recovered after his arrest, no probable cause existed for his arrest.  (*Id.*)  On the same basis, he argues that the there was no probable cause for his search or prosecution.  He argues, therefore, that his claims are meritorious for illegal seizure, malicious prosecution, and illegal search of his bag.

      At the outset, the court notes that Carey is incorrect that his disorderly conduct conviction has no bearing on the claims in this action.  Under Third Circuit precedent, "[p]robable cause need only exist as to any offense that could be

charged under the circumstances." *Shelly v. Wilson*, 339 F. App'x 136, 139 n.4 (3d Cir. 2009). As a result, a "subsequent conviction establishes as a matter of law that the arrest was justified." *Id.* at 139. What Carey's arguments fail to account for is that his disorderly conduct provided probable cause for his arrest, search, and prosecution.

The court finds that *Heck* does apply and bars Carey's claims for false arrest, illegal seizure of his person, illegal search insofar as it pertains to the search of Carey's bag, and malicious prosecution. Finding in Carey's favor for any of these claims would be logically contradictory with Carey's guilty plea for his disorderly conduct charge.

Because *Heck* bars these claims, the court will grant the motion to dismiss, filed by Troopers Gayewski and Leib, with respect to Count I insofar as it is brought for false arrest, illegal seizure of Carey's person, and illegal search of his bag; Count III; and Count IV. The court will dismiss these claims with prejudice.

Troopers Gayewski and Leib have provided no developed argument behind their assertion that Carey's excessive force claim is bootstrapped to his probable cause challenge. This argument appears incorrect. Carey seems to base this claim on the specific conduct of Defendants, which he alleges led to his visit to the emergency room for treatment. As in *Nelson*, Carey's disorderly conduct charge may require him to show that Defendants' conduct was in excess of the

9

"substantial force" required to arrest him at the disposition stage. But this court does not perceive that Carey's underlying convictions would be thrown into doubt should he succeed on Count II. Thus, this claim is not barred by *Heck*.

Although the brief of Troopers Gayewski and Leib suggests that *Heck* precludes *all* of Carey's claims; *see* Doc. 10, p. 9; their arguments only address some claims. Specifically, that section of their brief makes no mention of the search of Carey's phone and entirely skips his claim for fabrication of evidence. The court will not assess arguments which the movants have not made and will, therefore, not bar Count I insofar as it is brought for the search of Carey's phone or Count V.

The court will address the parties' further arguments with respect to the claims that survive *Heck*: Count I with respect to the search of Carey's phone, Count II, and Count V.

### B. The court will not dismiss Carey's claims based on alternative arguments related to a lack of probable cause

Troopers Gayewski and Leib argue, in the alternative, that if *Heck* does not apply, Carey's complaint fails to plausibly plead the required absence of probable cause. (Doc. 10, pp. 11–15.) In doing so, they argue that Carey must demonstrate an absence of probable cause as a required element "to state a claim pertaining to his arrest and prosecution." (*Id.* at 11–12.)

In raising this argument, they make no distinction between Carey's individual claims. Instead, they raise it generally as a defense against all counts. While they extensively cite cases related to determinations of probable cause generally, they cite no cases and develop no argument as to how probable cause relates to Carey's claims specifically.

Absent any additional guidance from Troopers Gayewski and Leib, the court assumes that they intended these arguments to apply to the same claims that *Heck* would. To that extent, this argument would be moot, because the court is already dismissing some of the claims based on *Heck*. But as they have not applied this argument to specific claims, the court will not attempt to go beyond the arguments they have made. Nor will the court attempt to divine to what extent this argument might preclude the yet-surviving claims.

### C. The court will not dismiss any claims based on the argument that Carey failed to allege sufficient factual content to rebut the presumption that the Affidavit of Probable Cause was reasonable

Troopers Gayewski and Leib argue that "to prevail on claim [sic] that affidavit of probable cause sworn by officer reflected a false version of events and that an accurate affidavit would not have established probable cause, plaintiff must make two showings." (*Id.* at 15–16.) Once again, counsel makes no mention of which claims this argument does or does not apply to. Moreover, both cases that

they cite relate to summary judgment and not the motion to dismiss stage. The court will not attempt to discern an argument the movants have failed to make.

### D. The court will dismiss the fabrication of evidence claim without prejudice because Carey has failed to allege sufficient facts to plausibly plead it

Troopers Gayewski and Leib argue that Carey fails to meet the pleading standard for his fabrication of evidence claim. (*Id.* at 16–17.) They argue that, for Carey's claim to succeed, he must show that the allegedly fabricated evidence was so significant that it could have affected the outcome of the criminal case. (*Id.* at 16.) This is true, but that is with respect to the bar a plaintiff must meet at the summary judgment stage. *Black v. Montgomery Cty.*, 835 F.3d 358, 372 (3d Cir. 2016). Troopers Gayewski and Leib also assert that district courts in Pennsylvania have held that plaintiffs are required to allege deprivation of liberty resulting from the fabricated evidence. *Pazicni v. Miller*, 2017 WL 2418688, at *6 n.3 (W.D. Pa. June 5, 2017) (" . . . [interpreting] *Black* as impliedly recognizing that such a showing was necessary to establish a procedural due process claim [under the Fourteenth Amendment] for fabrication of evidence.").

Carey argues that, "[b]y Defendants' own account, Plaintiff was arrested for resisting arrest . . . and suffered a deprivation of liberty." (Doc. 13, p. 9.) Quoting his complaint, he submits that his charge for resisting arrest was dismissed and the judge "determined that there was no probable cause to hold Plaintiff for trial

12

despite Defendants' false, exaggerated, and manufactured claims against Plaintiff relating to Resisting Arrest." (*Id.*)

The court finds that Carey's pleading is lacking with respect to Count V. The factual allegations provided in the complaint for this claim are scant. They are far outweighed by legal conclusions and conclusory statements, although this ratio is in no way determinative to the court's determination.

Carey asserts that he "fully cooperated with Defendants, and could not resist in any way[,] . . . obeyed the commands given to him," and did not "engage in any behavior which could have been considered a threat." (Doc. 1, ¶¶ 10, 13.) He further alleges that "Defendants submitted false police paperwork alleging that Plaintiff had resisted arrest." (*Id.* ¶ 16.) Carey does not specify the substance of these "false facts" but asserts that he "was arrested for resisting arrest without probable cause." (*Id.* ¶ 17.)

While Carey may be able to adequately plead a fabrication of evidence claim, he has not done so. Successful pleading will require more than vague assertions and legal conclusions. Facts must be sufficiently pleaded to show that the claim is not merely possible but plausible. Because Carey has failed to meet the pleading standard, the court will dismiss Count V without prejudice.[5]

---

[5] Troopers Gayewski and Leib acknowledge that leave to amend a pleading should be allowed based on the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But they assert that there are allowable

## CONCLUSION

For the reasons stated herein, the court will grant in part and deny in part the motion to dismiss filed by Troopers Gayewski and Leib.  (Doc. 9.)  Specifically, with respect to Troopers Gayewski and Leib, the court will dismiss with prejudice Count I, except insofar as it alleges an illegal search of Carey's phone, and Counts III and IV in their entirety.  With respect to Troopers Gayewski and Leib, the court will dismiss Count V without prejudice.  The court will deny the motion with respect to Count I, insofar as it relates to the search of Carey's phone, and Count II.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 27, 2023

---

reasons, applicable here, for which the court could deny leave to amend.  (Doc. 10, pp. 17–18.)  Because the court is not required to deny leave to amend, it shall not do so in this instance given that Carey may be able to allege facts sufficient to state the elements of this claim.